# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| UUSI, LLC D/B/A/ NARTRON,<br><br>                    Plaintiff,<br><br>       v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 2:17-cv-13798<br><br>Judge: The Honorable Avern Cohn<br><br>Demand for Jury Trial |

## DEFENDANT APPLE INC.'S ANSWER TO COMPLAINT
## DEMAND FOR JURY TRIAL

Defendant Apple Inc. submits its Answer to the Complaint filed by Plaintiff UUSI, LLC d/b/a Nartron ("Plaintiff" or "Nartron") on November 22, 2017, and states as follows:

### ANSWER TO ALLEGATIONS IN THE COMPLAINT

### Response to Parties

1.    Apple lacks sufficient information to form a belief regarding the truth of the allegations contained in Paragraph 1, and therefore denies the allegations.

2.    Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple admits that it maintains Apple Stores at 100 Briarwood Circle, Ann Arbor, Michigan and 2800

W. Big Beaver, Troy, Michigan 48084. Apple admits that it is registered to do business in Michigan and can be served at The Corporation Company, 40600 Ann Arbor Rd. E. Ste. 201, Plymouth, Michigan 48170. The remainder of the allegations set forth in Paragraph 2 appears to state legal conclusions to which a responsive pleading is not required; to the extent that a responsive pleading is deemed to be required, Apple denies the remaining allegations.

3.      Apple admits that it is a global company that offers its products and/or services to customers located in Michigan. Apple denies the remaining allegations of Paragraph 3.

## Response to Jurisdiction and Venue

4.      Apple admits that this is an action for patent infringement arising under the patent laws of the United States and that this Court has subject-matter jurisdiction over Nartron's patent claims under 28 U.S.C. §§ 1331 and 1338. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 4.

5.      Apple does not dispute that venue is proper in this District, but denies that this venue is convenient under 28 U.S.C. § 1404(a). Apple denies the remaining allegations of Paragraph 5.

6.      Apple does not dispute that this Court may exercise personal jurisdiction over Apple. Apple admits that it conducts business within the State of

Michigan.  Apple admits that it, directly or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and offers its products and services in the United States, the State of Michigan, and the Eastern District of Michigan.  Apple admits that it is registered to do business in the State of Michigan and that it has appointed a registered agent in the State of Michigan. Apple denies that it infringes or induces infringement of the patent-in-suit in the Eastern District of Michigan.  The remaining personal jurisdiction allegations set forth in Paragraph 6 appear to state legal conclusions to which a responsive pleading is not required; to the extent that a responsive pleading is deemed required, Apple denies the remaining allegations of Paragraph 6.

### Response to Nartron and the Patent-in-Suit

7.     Apple admits that the use of touchscreen devices is common.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7, and on that basis denies them.

8.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8, and on that basis denies them.

9.     Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9, and on that basis denies them.

10.     Apple admits that the face of U.S. Patent No. 5,796,183 ("the '183 patent") indicates that it is entitled "Capacitive Responsive Electronic Switching Circuit" and was issued on August 18, 1998.  Apple admits that a first Reexamination Certificate for the '183 patent indicates on its face that it was issued on April 29, 2013.  Apple admits that a second Reexamination Certificate for the '183 patent indicates on its face that it issued on January 31, 2016.  Apple admits that Exhibit A to the Complaint appears to be a copy of the '183 patent and the first and second Reexamination Certificates.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and on that basis denies them.

11.     Based on public information, Apple does not dispute that the '183 patent was recently subject to *inter partes* review ("IPR") at the Patent Trial and Appeal Board ("PTAB").  Apple does not dispute that, on April 15, 2016, Samsung Electronics Co., Ltd. sought IPR of claims 37-41, 43, 45, 47, 48, 61-67, 69, 83-86, 88, 90, 91, 94, 96, 97, 99, 101, and 102 of the '183 patent.  Apple does not dispute that the PTAB instituted IPR on all petition claims except claims 37-39.  Apple does not dispute that, on October 18, 2017, the PTAB issued a final written decision finding that the petitioner had not carried its burden of demonstrating that the instituted claims are unpatentable.  Except as expressly admitted, Apple denies the remaining allegations of Paragraph 11.

12.    Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12, and on that basis denies them.

13.    Apple admits that the '183 patent states: "The present invention relates to an electrical circuit and particularly a capacitive responsive electronic switching circuit used to make possible a 'zero force' manual electronic switch." (1:6-9.) Apple admits that the '183 patent states: "A related problem occurs in that the repeated arcing of mechanical contact can result in a migration of contact materials away from the area of the mechanical contact.  Corrosion, contamination, and migration operating independently or in combination often lead to eventual switch failure where the switch seizes in a closed or open condition."  (1:39-45.) Apple admits that the '183 patent states: "A common solution used to achieve a zero force touch switch has been to make use of the capacitance of the human operator . . . ." (3:12-16.)  Apple admits that the '183 patent states: "Another method for implementing capacitive touch switches relies on the change in capacitive coupling between a touch terminal and ground." (3:44-46.)  Apple admits that the '183 patent states: "The touch of an operator then provides a capacitive short to ground via the operator's own body capacitance that lowers the amplitude of oscillator voltage seen at the touch terminal.  A major advantage of this methodology is that the operator need not come in conductive contact with the

5

touch terminal but rather only in close proximity to it." (3:52-59.) Except as

expressly admitted, Apple denies the remaining allegations of Paragraph 13.

14.    Apple admits that the '183 patent refers to "multiple touch pad

circuit" and "array of touch circuits." (18:34-46.) Apple admits that the

'183 patent refers to "dense arrays" and "unintended actuations as an operator's

hand or other body part passes in close proximity to the touch terminals." (3:65-

4:3.) Apple admits that the '183 patent refers to "conductive guard rings around

the conductive pad of each touch terminal . . . ." (4:4-10.) Apple admits that the

'183 patent states: "The sensitivity may be adjusted in this manner to a point

where the operator's body part, for instance, a finger, has to entirely overlap a

touch terminal . . . ." (4:10-14.) Apple admits that the '183 patent states:

"Although these methods (guard rings and sensitivity adjustment) have gone a

considerable way in allowing touch switches to be spaced in comparatively close

proximity, a susceptibility to surface contamination remains as a problem." (4:14-

4:18.) Except as expressly admitted, Apple denies the remaining allegations of

Paragraph 14.

15.    Apple admits that the '183 patent states:  "The present invention

overcomes the above problems by using the method of sensing body capacitance to

ground in conjunction with redundant detection circuits." (5:33-35.) Apple admits

that the '183 patent states: "The touch detection circuit of the present invention

features operation at frequencies at or above 50 kHz and preferably at or above

800 kHz to minimize the effects of surface contamination from materials such as

skin oils and water.  It also offers improvements in detection sensitivity that allow

close control of the degree of proximity (ideally very close proximity) that is

required for actuation and to enable employment of a multiplicity of small sized

touch terminals in a physically close array such as a keyboard." (5:49-57.)  Except

as expressly admitted, Apple denies the remaining allegations of Paragraph 15.

16.    Apple admits that claim 40 of the '183 patent recites:

40.    A capacitive responsive electronic switching circuit
comprising:
an oscillator providing a periodic output signal having a
predefined frequency;
a microcontroller using the periodic output signal from
the oscillator, the microcontroller selectively
providing signal output frequencies to a plurality
of small sized input touch terminals of a keypad,
wherein the selectively providing comprises the
microcontroller selectively providing a signal
output frequency to each row of the plurality of
small sized input touch terminals of the keypad;
the plurality of small sized input touch terminals defining
adjacent areas on a dielectric substrate for an
operator to provide inputs by proximity and touch;
and
a detector circuit coupled to said oscillator for receiving
said periodic output signal from said oscillator, and
coupled to said input touch terminals, said detector
circuit being responsive to signals from said
oscillator via said microcontroller and a presence
of an operator's body capacitance to ground
coupled to said touch terminals when proximal or

> touched by the operator to provide a control output
> signal,
>
> wherein said predefined frequency of said oscillator and
> said signal output frequencies are selected to
> decrease a first impedance of said dielectric
> substrate relative to a second impedance of any
> contaminate that may create an electrical path on
> said dielectric substrate between said adjacent
> areas defined by the plurality of small sized input
> touch terminals, and wherein said detector circuit
> compares a sensed body capacitance change to
> ground proximate an input touch terminal to a
> threshold level to prevent inadvertent generation of
> the control output signal.

('183 patent, claim 40.)  Except as expressly admitted, Apple denies the remaining

allegations of Paragraph 16.

## Response to Apple's Infringement of the Patent-in-Suit

17.    Apple denies the allegations of Paragraph 17.

18.    Apple admits that the accused iPhone, iPod, and iPad products have

touchscreens and recognize touches by users, interpret the users' input, and

perform actions based on the input.  Except as expressly admitted, Apple denies

the remaining allegations of Paragraph 18.

19.    Apple admits that certain of the Accused Products use one or more

touch controller chips.  Apple denies the remaining allegations of Paragraph 19.

## Response to Count I
## Infringement of U.S. Patent No. 5,796,183 C1 and C2

20.    Apple incorporates by reference its responses to Paragraphs 1-19.

21.     Apple denies the allegations of Paragraph 21.

22.     Apple denies the allegations of Paragraph 22.

23.     Apple denies the allegations of Paragraph 23.

24.     Apple admits that, in 2007, Nartron made Apple aware of the

'183 patent before the patent was subject to two reexaminations requested by

Nartron.  Claim 40—the only claim Nartron has identified in its Complaint—did

not exist until June 27, 2014, when the second *ex parte* reexamination certificate

issued.  In late 2007, Nartron contacted Apple alleging that the iPod click wheel of

non-touchscreen Apple iPods infringed certain claims of the '183 patent.  Nartron

made no allegations of infringement pertaining to any other Apple product,

including Apple products with touchscreens.  Apple denied infringement, provided

prior art references and a representative invalidity claim chart to Nartron, and

requested that Nartron further explain its infringement position and how the '183

patent was patentable and distinguishable over the prior art Apple provided.

Nartron did not respond and made no further attempts to communicate with Apple

prior to the filing of this lawsuit on November 22, 2017—ten years after the

parties' exchange of letters in 2007.  Except as expressly admitted, Apple denies

the remaining allegations of Paragraph 24.

25.     Apple denies the allegations of Paragraph 25.

26.     Apple denies the allegations of Paragraph 26.

## Response to Prayer for Relief

27.    Apple denies that Plaintiff is entitled to any relief in this action and asks the Court to deny any and all of the relief requested by Plaintiff in its Complaint.

## ADDITIONAL DEFENSES

28.    Apple alleges the following as separate and affirmative defenses to the Complaint.  By virtue of having listed the following defenses, Apple does not assume any legal or factual burden not otherwise assigned to it under the law. Apple reserves the right to seek leave to amend its Answer to plead additional defenses and counterclaims and/or to supplement its existing defenses if information developed through discovery, trial, or otherwise, merits such additional defenses, counterclaims, or supplementation.

## FIRST ADDITIONAL DEFENSE

## (Non-Infringement)

29.    Apple has not infringed any valid and enforceable claim of the '183 patent directly or indirectly, literally or by equivalents.

## SECOND ADDITIONAL DEFENSE

## (Invalidity)

30.    One or more claims of the '183 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws,

including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD ADDITIONAL DEFENSE

### (Waiver and/or Equitable Estoppel)

31.     Plaintiff's claims for relief and prayer for damages are barred by the equitable doctrines of waiver and/or estoppel.

## FOURTH ADDITIONAL DEFENSE

### (Limitation on Damages and Statute of Limitations)

32.     Plaintiff's claims for relief and prayer for damages are limited under 35 U.S.C. §§ 286 and 287.

## FIFTH ADDITIONAL DEFENSE

### (Non-Recoverability of Costs)

33.     Plaintiff is precluded by 35 U.S.C. § 288 from seeking recovery of costs because no disclaimer of any of the invalid claims of the Patent-in-Suit was entered at the Patent and Trademark Office prior to the commencement of this suit.

## SIXTH ADDITIONAL DEFENSE

### (Failure to State a Claim)

34.     Plaintiff's claims for alleged infringement of the '183 patent fail to state a claim upon which relief can be granted.

## SEVENTH ADDITIONAL DEFENSE

### (Marking)

35.     Upon information and belief, Plaintiff's claims for relief and prayer for damages are limited under 35 U.S.C. § 287.

## EIGHTH ADDITIONAL DEFENSE

### (No Entitlement to Injunctive Relief)

36.     Plaintiff is not entitled to injunctive relief against Apple under the principles of equity applicable to actions for patent infringement by virtue of 35 U.S.C. § 283.  First, the '183 patent is expired.  Moreover, Apple has not infringed and is not infringing the '183 patent, and the '183 patent is not valid. Further, any purported injury to Nartron is not immediate and not irreparable, and Nartron will have an adequate remedy at law.  Finally, the public interest and the balance of hardships disfavor an injunction under the circumstances here.

## NINTH ADDITIONAL DEFENSE

### (Prosecution History Estoppel)

37.     The relief sought by Nartron is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution related to the '183 patent and/or in the specification and claims of the '183 patent.

## TENTH ADDITIONAL DEFENSE

### (Intervening Rights)

38.     The relief sought by Nartron is barred, in whole or in part, under the doctrine of intervening rights.

## ELEVENTH ADDITIONAL DEFENSE

### (Failure to Join Required Party)

39.     Upon information and belief, the action should be dismissed for failure to join a party under Federal Rule of Civil Procedure 19.

## RESERVATION OF RIGHTS

40.     Apple hereby gives notice that it intends to rely on other defenses that may hereafter become available or appear during any discovery proceeding or otherwise in this case and hereby reserves its right to amend its Answer and Affirmative Defenses accordingly.

## APPLE'S PRAYER FOR RELIEF

WHEREFORE, Defendant Apple respectfully requests that the Court enter judgment in its favor and against Plaintiff, and prays for the following relief:

A.     A declaration that Apple has not and does not infringe, whether directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '183 patent;

B.     A declaration that each and every one of the claims of the '183 patent

are invalid.

      C.     Dismissal of all of Plaintiff's claims against Apple in their entirety and with prejudice;

      D.     A declaration that Plaintiff take nothing by way of its Complaint;

      E.     An order pursuant to 35 U.S.C. § 284 and/or Rule 54(d) of the Federal Rules of Civil Procedure awarding Apple its costs incurred in connection with this action;

      F.     An order finding this an exceptional case under 35 U.S.C. § 285, and awarding Apple its costs and fees in this action, including its reasonable attorneys' fees, and prejudgment interest thereon; and

      E.     An order awarding Apple such further relief as the Court may deem appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

      Pursuant to Federal Rule of Civil Procedure 38(b), Apple demands a trial by jury on all issues triable by a jury as of right in this action.

| Dated: | Respectfully submitted,<br><br>By:  /s/<br><br><br>Daniel D. Quick<br>dquick@dickinsonwright.com<br>DICKINSON WRIGHT<br>2600 W. Big Beaver Rd., Ste. 300<br>Troy, Michigan  48084-3312<br>Telephone 248.433-7200 |
| --- | --- |
| | Bita Rahebi, CA Bar No. 209351<br>BRahebi@mofo.com<br>Rose S. Lee, CA Bar No. 294658<br>RoseLee@mofo.com<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017-3543<br>Telephone:213.892.5200<br>Facsimile:  213.892.5454 |
| | Richard S.J. Hung, CA SBN 197425<br>RHung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522 |

**Proof of Service**

I, Kristin N. Kuhn, state that on January 19, 2018 If iled Defendant Apple, Inc.'s Answer to Complaint and Demand for Jury for Jury Trial upon all counsel via the electronic filing system for this court.

Kristin N. Kuhn

BLOOMFIELD 26210-4 2004277v1