# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UUSI, LLC D/B/A/ NARTRON,

                 Plaintiff,

    v.

APPLE INC.,

                 Defendant.

Case No.  2:17-cv-13798-AC

Judge: Hon. Avern Cohn

Magistrate Judge: Hon. Stephanie Dawkins Davis

# APPLE INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................1

II.    THIS CASE SHOULD BE TRANSFERRED .................................................2

     A.    Factor 1 (Convenience of the Witnesses) ...........................................2

     B.    Factor 2 (Location of Relevant Documents) .......................................5

     C.    Factors 3 and 4 (Convenience of Parties and Locus of
          Operative Facts) ...................................................................................6

     D.    Factor 5 (Process to Compel Unwilling Witnesses)............................6

     E.    Factors 6 and 7 ....................................................................................7

     F.    Factor 8 (Plaintiff's Choice of Forum) ...............................................7

     G.    Factor 9 (Trial Efficiency and the Interests of Justice) ......................7

III.   CONCLUSION ...........................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*,
    412 F.3d 1331 (Fed. Cir. 2005) ...........................................................................4

*Doe v. Univ. of Tenn.*,
    No. 3:16-cv-199, 2016 U.S. Dist. LEXIS 41226
    (M.D. Tenn. Mar. 29, 2016) .................................................................................4

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ...........................................................................5

*UUSI, LLC d/b/a Nartron v. Samsung Elecs. Co., Ltd.*,
    No. 1:15-00146-JTN (W.D. Mich.) ......................................................................7

**Statutes**

Fed. R. Civ. P. 45(c)(1)(B)(ii)....................................................................................4

sf-3920525

## I.   INTRODUCTION

Nartron's opposition confirms that the Court should transfer this case. Nartron does not point to a *single* relevant Apple employee or document in this District.  Nartron also does not dispute that Byron Hourmand, the first named inventor, resides in California.  Nor does Nartron contest that it sued Samsung in the Western District of Michigan—not here, which suggests forum shopping.

Nartron's opposition is equally telling for what it omits.  For example, although its CEO submitted a 6-page, 20-paragraph declaration that argues that trial in Michigan would be more convenient, Mr. Rautiola neglects to mention that:

(i)  As recently as last year, he owned multiple properties in *California*;
(ii)  His LinkedIn profile states that he is located in *California*; and
(iii)  His alumni bio suggests that he was involved with Nartron while in *California*.

Accordingly, attending trial in California could not be inconvenient for him.

Nor do Nartron's other arguments weigh against transfer.  To create Michigan ties, Nartron amended its initial disclosures to identify Robert Tuttle as knowledgeable about "the inventorship of the '183 patent."  As Nartron's *litigation attorney of record* in the prior inventorship suit, Mr. Tuttle could not testify unless Nartron waived its attorney-client privilege—which it has not agreed to do.

Nartron calls Mr. Hourmand an "extortionist" and claims that his consent judgment in their prior lawsuit precludes him from challenging inventorship.  But this overlooks that Mr. Hourmand has continued to assert his sole inventorship

1

even *after* the consent judgment—repeatedly declaring Messrs. Washeleski and Cooper's co-inventorship to be "a false statement" and "a lie."  As the most relevant documents and witnesses are in California, and as Nartron all but admits its forum shopping, the Court should transfer the case.

## II.    THIS CASE SHOULD BE TRANSFERRED

### A.    Factor 1 (Convenience of the Witnesses)[1]

**Apple witnesses**:  Nartron cannot point to a single relevant Apple witness in this District.  Instead, Nartron alleges that Apple's trial witnesses (such as Chris Krah) lack "knowledge or involvement with the features claimed in the '183 patent."  This is wrong.  Mr. Krah has specific knowledge of Apple's touchscreen functionality, which Nartron has accused of infringement.  (ECF No. 1 at ¶¶ 17-19; ECF No. 38-3 at ¶¶ 3-4.)  He works in Cupertino, and the research and development records for the accused functionality reside there.  (*Id.* at ¶¶ 1, 4.) Michael Jaynes also has confirmed that relevant marketing, sales and financial information also are there.  (ECF No. 38-2 at ¶ 4.)  Nartron musters no response.

**Nartron**:  In its opposition, Nartron identifies only two current Nartron employees with relevant knowledge who reside in Michigan:  Norman Rautiola and David Shank.  Notably, neither actually resides in this District.

---

[1] Nartron's attacks on the timing of Apple's motion miss the mark.  Apple did not just "learn" of its headquarters.  As Apple has explained (ECF No. 38-1 at 6-7), it filed this motion after its investigation revealed no relevant Apple witnesses or documents here and Nartron said that it was not representing Mr. Hourmand.

sf-3920525

Mr. Rautiola's lengthy declaration curiously omits mention of any ties to California.[2]  But even a cursory web or public records search reveals that he spent significant time in California until only recently.  (Declaration of Bita Rahebi in Support of Transfer Motion ("Decl." at ¶ 2.))   Among other things:

- Mr. Rautiola's LinkedIn profile states that he is located in Santa Barbara, California.  (*Id.* at Ex. B.)
- His 2008 Michigan Tech alumni profile suggests that he was involved with Nartron while in Santa Barbara.  (*Id.* at Ex. C.)
- Mr. Rautiola is featured in the May 2016 edition of "Santa Barbara Polo Magazine" under "*Pacific Coast Open Style*."  (*Id.* at Ex. D.)
- Mr. Rautiola has owned multiple properties around Santa Barbara and apparently is trying to sell one now.  (*Id.* at Exs. A, F.)
- As recently as April 2018, Mr. Rautiola sought permission to build a new structure on one of his Santa Barbara properties.  (*Id.* at Ex. E.)

Mr. Rautiola's longstanding ties to and residency in California belie his assertions that trial here would be inconvenient for him.  That he makes those assertions now to try to avoid transfer only underscores Nartron's forum shopping.

As for Mr. Shank, Nartron first identified him as a potentially relevant witness ***two days*** before it filed its opposition brief—even though it sued Samsung in 2015 and Apple in 2017.  This, on its face, should cast serious doubt on whether he actually has relevant knowledge.  Mr. Shank also did not submit a declaration describing what relevant knowledge he might have.  Regardless, Mr. Shank resides

---

[2] Nartron's opposition includes unsupported factual allegations (*e.g.,* that Nartron was a "pioneer" in the field).  (ECF No. 45 at 3.)  While these allegations are incorrect, they are irrelevant to the transfer inquiry.  Apple thus does not address them now, but reserves all rights to respond later as appropriate.

sf-3920525

in the Western District of Michigan and not this District.

**Third Party Mr. Hourmand:**  Mr. Hourmand's testimony will plainly be relevant, as he originally was the sole named inventor on the '183 patent (which Nartron's attorneys drafted).  Far from an "inadvertent" error, that status stood unchallenged for *13 years*.  It changed only when Nartron sued him to "correct" it.

Apple presently intends to call Mr. Hourmand at trial.  But only the Northern District of California has the power to compel him to testify at trial; this Court does not.  Fed. R. Civ. P. 45(c)(1)(B)(ii); *Doe v. Univ. of Tenn.*, No. 3:16-cv-199, 2016 U.S. Dist. LEXIS 41226, at *31-32 (M.D. Tenn. Mar. 29, 2016) (subpoena power extends to third parties in same state, absent unmitigated substantial expense).

Nartron's assertion that a prior consent judgment bars Mr. Hourmand from testifying is wrong.  If anything, Nartron's desire to use the consent judgment as a shield should heighten the factfinder's interest in his testimony, as it suggests that Nartron has something to hide.  In any event, although assignor estoppel prevents Mr. Hourmand from directly challenging the patent's validity, it cannot prevent him from testifying truthfully on inventorship or other issues.  *See Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 412 F.3d 1331, 1337 (Fed. Cir. 2005) (rejecting argument that doctrine bars defendant from using inventor testimony to challenge validity).

That is, in fact, what Mr. Hourmand has tried to do.  A year *after* that consent judgment, Mr. Hourmand wrote the U.S. Patent Office that it would be a

sf-3920525

"false statement" to include Messrs. Washeleski and Cooper as co-inventors and that adding them as co-inventors "would be a lie."  (Decl. at Ex. G.)  Mr. Hourmand also explained that he agreed to the consent judgment only because Nartron had threatened him with "thousands of dollars in attorney fees," which he could not afford.  (*Id.*)  Although Nartron notes that one of the belatedly added inventors, Mr. Cooper, lives in Michigan, Mr. Hourmand's statements despite the consent judgment make clear that his testimony will be far more interesting.

**Nartron's Attorneys:**  Nartron belatedly amended its Initial Disclosures to identify Robert Tuttle as "responsible for correcting the named inventors on the patent."  (ECF No. 45-10.)  But Nartron omits that Mr. Tuttle was litigation counsel of record in its prior lawsuit against Mr. Hourmand.  (Decl. at Ex. H.)

Unless Nartron waives the privilege (which it has not agreed to do), Mr. Tuttle has no material testimony to offer.  The same applies to the prosecuting attorney from Michigan that Nartron mentions.  (ECF No. 45 at 11.)

**B.      Factor 2 (Location of Relevant Documents)**

This factor heavily favors transfer.  Nartron does not dispute that, because the accused infringer typically holds the most relevant information in a case, the location of its evidence is most important.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  This is true even for electronic documents.  *See id.* at 1345 (rejecting argument that, in "era of electronic storage and transmission,"

5

physical location of records is "antiquated").  And while Nartron notes its non-electronic evidence, Apple also does.  (ECF No. 38-2 at ¶ 4.)  Finally, while Nartron suggests that Broadcom and Texas Instruments may have relevant employees outside of California, Nartron is silent as to what those locations are—despite having identified both companies in its Complaint. (ECF No. 1 at ¶ 19.)

### C.    Factors 3 and 4 (Convenience of Parties and Locus of Operative Facts)

Transfer would not just swap inconveniences, as Nartron contends.  Apple has more potential employee witnesses in California than Nartron's two witnesses, and the bulk of the relevant documents are Apple's.  Apple's retail stores are legally irrelevant, as Apple explained in its opening brief.  (ECF No. 38-1 at 8, 10.)

The relevant locus also is in Cupertino, where Apple's relevant witnesses and documents are.  *See id.*  Even if the conception of the alleged invention were the locus, the first named inventor Mr. Hourmand resides in San Diego.

### D.    Factor 5 (Process to Compel Unwilling Witnesses)

Only a California court can order Mr. Hourmand to appear.  By contrast, Mr. Cooper (whom Nartron's counsel also represents) only declares that "it would be more convenient to appear in Detroit" "[i]f [he were] called upon to testify at trial."  (ECF No. 45-2 at ¶ 15.)  But he never says he would not appear voluntarily.

Nartron does not dispute that Broadcom is headquartered in Northern California and is subject to a subpoena there.  Nartron's focus on Avago is

sf-3920525

puzzling, as nothing suggests Broadcom's parent has relevant information here.

### E.     Factors 6 and 7

These factors are neutral, as Narton does not dispute its global operations.

### F.     Factor 8 (Plaintiff's Choice of Forum)

Nartron offers no explanation for why it previously sued Samsung on the same patent in *another* district. *UUSI, LLC d/b/a Nartron v. Samsung Elecs. Co., Ltd.*, No. 1:15-00146-JTN (W.D. Mich.)  Nor does Nartron dispute that it sued Apple in this District to avoid consolidation with the Samsung case, which has been stayed.  Finally, Nartron's cases are of no help to it; none deals with forum shopping or a prior lawsuit involving the same patent in a different district.

### G.     Factor 9 (Trial Efficiency and the Interests of Justice)

Nartron does not dispute that this case is in its infancy and that it waited 20 years after the '183 patent issued to file suit.  Instead, Nartron focuses on a lone, cherry-picked statistic from a LegalMetric report based on *two* cases from this District.  (*See* ECF No. 45-18 at 5.)  But that same report also provides statistics showing that the average time from inception to termination, judgment, and contested termination are all faster in the Northern District of California.  (*Id.* at 3.)

## III.   CONCLUSION

Nartron's prior lawsuit was not in this District, the most relevant witnesses and information are in California, and its CEO has spent significant time there. The Court should transfer the case to the Northern District of California.

sf-3920525

Dated:  July 26, 2018                    Respectfully submitted,

                                         By:  */s/ Bita Rahebi*
                                              Bita Rahebi

                                              Daniel D. Quick (P48109)
                                              dquick@dickinsonwright.com
                                              John S. Artz (P48578)
                                              jsartz@dickinsonwright.com
                                              DICKINSON WRIGHT
                                              2600 W. Big Beaver Rd., Ste. 300
                                              Troy, Michigan  48084-3312
                                              Telephone:  248.433.7200

                                              Bita Rahebi, CA Bar No. 209351
                                              brahebi@mofo.com
                                              Rose S. Lee, CA Bar No. 294658
                                              roselee@mofo.com
                                              MORRISON & FOERSTER LLP
                                              707 Wilshire Boulevard
                                              Los Angeles, CA  90017-3543
                                              Telephone:  213.892.5200
                                              Facsimile:  213.892.5454

                                              Richard S.J. Hung, CA SBN 197425
                                              rhung@mofo.com
                                              MORRISON & FOERSTER LLP
                                              425 Market Street
                                              San Francisco, CA  94105-2482
                                              Telephone:  415.268.7000
                                              Facsimile:  415.268.7522

sf-3920525

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2018 I caused to have electronically filed

APPLE INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER,

DECLARATION OF BITA RAHEBI (AND EXHIBITS) with the Court's

electronic filing system, which will send notification of such filing to counsel of

record.

*/s/ Bita Rahebi*
Bita Rahebi
