BITA RAHEBI (CA SBN 209351)
BRahebi@mofo.com
ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
RHung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UUSI, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No.   18-cv-04637-JD<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING PLAINTIFF TO IDENTIFY ASSERTED CLAIMS PURSUANT TO PATENT LOCAL RULE 3-1(A) AND RENEWED MOTION TO STAY**<br><br>Date:         October 25, 2018<br>Time:         10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:        Hon. James Donato |

**NOTICE OF MOTION AND MOTION**

Please take notice that on October 25, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable James Donato located in the United States District Court for the Northern District of California, 450 Golden Gate Ave, Courtroom 11, 19th Floor, San Francisco, CA 941020, Defendant Apple Inc. ("Apple") will and hereby does renew its motion to stay this action pending the final resolution of the *inter partes* review ("IPR") of the same patent at issue in this case, which is presently on appeal before the Federal Circuit Court of Appeals. *Samsung Elecs. Co., Ltd. v. UUSI, LLC d/b/a Nartron*, IPR2016-00908, No. 18-1310 (Fed. Cir. 2018).

Since Apple filed its stay motion before the transferor court, it has become apparent that the parties agree that the circumstances warrant a stay. This is because Plaintiff UUSI, Inc. d/b/a Nartron ("Nartron") itself proposed to stay these proceedings in the course of discussing the case schedule. Accordingly, the remaining issue in dispute is whether Nartron should be required to disclose its asserted claims first, as this District's Patent Local Rules require, before the stay is entered.

Apple has explained to Nartron that it intends to file its own petition(s) for IPR of the asserted patent. Yet Nartron refuses to disclose which of the 114 claims in its asserted patent it alleges that Apple infringes—even though ten months have passed since Nartron filed suit, and even though the November 29, 2018 deadline for IPR petitions looms. Nartron's continued refusal to identify its asserted claims contradicts the purpose underlying the Patent Local Rules and the America Invents Act, which were adopted and enacted to encourage the early disclosure of asserted claims and promote judicial efficiency and economy.

Apple therefore asks that the Court: (1) order Nartron to identify the asserted claims in this case under Patent Local Rule 3-1(a) by November 1, 2018; and (2) stay this case pending the completion of all proceedings relating to IPR No. 2016-00908. Apple incorporates its original motion to stay and supporting briefing filed in the Eastern District of Michigan (ECF Nos. 28 & 30) by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The parties do not dispute that the case should be stayed pending the appeal of Samsung's petition for *inter partes* review ("IPR").  In fact, Nartron itself recently proposed this.

The parties disagree only as to whether Nartron should be required to identify the asserted claims of U.S. Patent No. 5,796,183 ("the '183 patent") before this case is stayed.  That identification is important to allow Apple to tailor its forthcoming IPR petition(s), which are due by November 29, 2018.  But although Nartron brought this action over ten months ago, Nartron still refuses to identify which of the 114 claims Apple allegedly infringes.

In addition to renewing its stay motion, Apple thus asks that the Court require Natron to identify all of the asserted claims in this action under Patent Local Rule 3-1(a).  Requiring Nartron to do so will promote efficiency in this action and in Apple's anticipated IPR proceedings, as the Patent Trial and Appeal Board ("PTAB") will be able to address all of the asserted claims.

**I.   BACKGROUND**

Before this case was transferred from the Eastern District of Michigan, Apple moved to stay the proceedings pending the resolution of Samsung Electronics Co., Ltd.'s ("Samsung") separate IPR proceeding on the '183 patent, which is presently on appeal.  (*See* ECF Nos. 28-30.) Judge Cohn did not rule on Apple's motion before transferring the case to this District.

Although it previously opposed Apple's stay motion, Nartron has since had a change of heart.  In the course of discussing the case schedule after the case was transferred to this District, Apple requested that Nartron expedite service of its infringement contentions required under this District's Patent Local Rules.  In response, Nartron proposed that the Court stay the case pending Samsung's appeal to the Federal Circuit from its IPR proceedings on the '183 patent.  (*See* Rahebi Decl. ¶ 2, Ex. A.)

Apple agreed that a stay would be appropriate through the appeal—but also through the conclusion of the Samsung IPR proceedings, if the Federal Circuit were to remand the case back

to the PTAB.[1]  Apple also asked that Nartron at least identify the asserted claims under Patent Local Rule 3-1(a), even if Nartron did not provide complete infringement contentions.  This would allow Apple to streamline and prepare thorough IPR petition(s) on the '183 patent before the one-year statutory deadline.  Nartron refused.  (*See* Rahebi Decl. ¶ 2, Ex. A.)

## II.   ARGUMENT

Ten months after filing this lawsuit, Nartron still has not identified the full set of its asserted claims.  Instead, Nartron has identified only two "paradigm" claims (claims 38 and 94), which it has expressly argued are ***not*** a complete identification of all of its asserted claims.  (ECF No. 26; ECF No. 37 at 10.)  Nartron has declined to reveal any others.  With the one-year deadline for filing any IPR petitions under 35 U.S.C 315(b) just two months away, Nartron should not be permitted to delay any longer.

Under the default schedule for patent cases in this District, Nartron would be required by Patent Local Rule 3-1 to identify all asserted claims and provide complete infringement contentions by no later than 14 days after the initial case management conference, *i.e.*, by November 23, 2018.  That is just four business days before any Apple IPR petitions are due (and over the Thanksgiving holiday weekend).  Accordingly, Nartron's proposal to stay these proceedings *without* identifying its asserted claims can only be for one reason:  to hinder Apple's ability to file IPR petitions that focus on the asserted claims that would actually be at issue in this litigation by the one-year deadline.

If the case were stayed without Nartron identifying its asserted claims, Apple would not know which of the ***114 claims*** of the patent-in-suit are really at issue until after the IPR deadline has passed.  This, in turn, would require that Apple either:

(i) be over-inclusive as to the challenged claims, which would likely require multiple petitions in view of the word limits under 37 C.F.R. § 42.24; or

(ii) potentially overlook asserted claims—and thus miss the opportunity to

---

[1] Nartron declined to agree to a stay pending any other IPR proceedings, including Apple's anticipated proceedings.  Apple's previously-filed motion to stay being renewed here does not seek to stay this action pending the completion of Apple's own anticipated IPR proceedings, but Apple anticipates that it may do so after those proceedings are instituted.

challenge those claims in IPR proceedings forever.

The first option would heavily and asymmetrically burden both Apple and the PTAB. This is because Apple would be required to brief claims that might be completely irrelevant to this litigation. Further, this would force Apple to devote less briefing to the claims that will be at issue in this litigation. On its part, the PTAB would be compelled to address every challenged claim upon institution, including the irrelevant ones. *See* Guidance on the Impact of *SAS* on AIA Trial Proceedings (Apr. 26, 2018) (explaining that the Patent Office must address **all** challenged claims upon institution of IPR proceedings, in light of the Supreme Court's decision in *SAS*).

The second option would be no better and would prejudice Apple. If Apple overlooked an asserted claim in its IPR petition(s), Nartron could pursue that overlooked claim when the litigation stay is lifted, regardless of the outcome of the IPR proceedings. That would contradict Congress's purpose for IPRs, *i.e.*, to provide a "more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*).

To prevent unproductive IPR proceedings and wasting the parties' and the Court's resources, Apple therefore asks that the Court order Nartron to identify all asserted claims by **November 1, 2018**. This would give Apple a few additional days, as compared to the current default schedule, to narrow and refine any IPR petitions before the November 29, 2018 statutory deadline.

Nartron should not be heard to complain that identifying its asserted claims now is burdensome. First, as it must have had a Rule 11 basis for filing suit, Nartron must already know which claims Apple allegedly infringes. Second, had Nartron filed suit in this District in November 2017 instead of the Eastern District of Michigan, its infringement contentions would have been due five months ago. *See* Patent L.R. 3-1. Finally, Nartron has already had ten months to identify its asserted claims.

### III. CONCLUSION

As the parties agree that the case should be stayed through the completion of Samsung's IPR proceedings, Apple asks that the Court stay this litigation. Moreover, so that it can prepare and file comprehensive IPR petition(s) by the November 29, 2018 statutory deadline, Apple further asks that the Court order Nartron to identify each allegedly infringed claim of the '183 patent under Patent Local Rule 3-1(a) by November 1, 2018.

Dated: September 20, 2018

BITA RAHEBI
RICHARD S.J. HUNG
ROSE S. LEE
MORRISON & FOERSTER LLP

By: */s/ Bita Rahebi*
    Bita Rahebi

Attorneys for Defendant
APPLE INC.