**MCKOOL SMITH HENNIGAN, P.C.**
LAWRENCE M. HADLEY (SBN 157728)
lhadley@mckoolsmithhennigan.com
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
T: (213) 694-1200; F: (213) 694-1234

**MCKOOL SMITH HENNIGAN, P.C.**
PHILLIP J. LEE (SBN 263063)
plee@mckoolsmithhennigan.com
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
T: (650) 394-1410

Attorneys for Plaintiff,
UUSI, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UUSI, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>            Defendant. | Case No. 4:18-cv-04637-JD<br><br>**OPPOSITION TO APPLE'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO IDENTIFY ASSERTED CLAIMS PURSUANT TO PATENT LOCAL RULE 3-1(A) AND RENEWED MOTION TO STAY**<br><br>Date: October 25, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 11, 19th Floor<br>Before: Hon. James Donato |

Case No. 5:18-cv-04637 JD      OPP. TO APPLE'S MOTION FOR AN ORDER REQUIRING PLTIF TO ID ASSERTED CLAIMS PURSUANT TO PATENT LOCAL RULE 3-1(A) AND RENEWED MOTION TO STAY

4844-1955-7494

Plaintiff UUSI, doing business as Nartron, opposes Apple's motion.

Apple's motion effectively asks this Court to rewrite the rules governing patent litigation in the Northern District of California. First, Apple asks this Court to stay this recently transferred case based on a non-existent "agreement" between counsel, unsupported by any stipulation, without filing a properly noticed motion to stay, and for an indeterminate period of time. Second, Apple asks this Court to change the Northern District's Patent Local Rules by compelling Nartron to serve its Rule 3-1 infringement contentions prior to the time period set in the rules—indeed, prior to the scheduled November 8, 2018 Initial Case Management Conference—but exempt Apple from complying with its obligations under the Patent Local Rules. Neither the facts nor the law supports Apple's creative reqeust.

**1.** *Apple's Stay Request*: Apple argues that Nartron agreed to a stay and then had a "change of heart." (Mot. at 1). That assertion is far from the truth. Apple moved to stay the case in the Eastern District of Michigan, pending the final resolution of an IPR filed years earlier by Samsung as part of a different case. Nartron opposed the motion—particularly since the PTAB had confirmed the validity of the claims in the IPR (which is now on appeal). Rather than await a ruling on its stay request, Apple moved to transfer this case to the Northern District of California—seven months after Nartron filed its complaint. After transfer to this Court, the parties' counsel discussed case scheduling, including Apple's proposal to expedite the schedule in the Local Rules, and whether it made sense to stay the case pending the outcome of Samsung's Federal Circuit Appeal of the PTAB decision confirming validity. (Rahebi Dec., Ex. 2). These discussions produced no agreement and no "change of heart." Rather, Apple rejected Nartron's suggestion of staying the case until the Federal Circuit decides the appeal (expected before mid-2019), and instead insisted on a stay "though the completion of all proceedings related to" the Samsung IPR—a proposal that Nartron rejected. Following these informal discussions, the parties have reached no agreement regarding a stay. Nor has Apple filed a property noticed motion for a stay supported by a memorandum of points and authorities. Civil L.R. 7-2(B)(4); Civil L.R. 7-4. If it does, Nartron will respond. In the

McKool Smith Hennigan, P.C.
Los Angeles, CA

meantime, Apple's bare, unsupported request for a stay "through completion of all proceedings relating to" the Samsung IPR should be denied.

**2.** ***Apple's Request to Shorten Time***: Apple asks this Court to not only stay this case, but, at the same time, to order that Nartron provide its Patent Local Rule 3-1 infringement disclosures more than three weeks early. Apple's request should be denied. Apple cites no authority supporting a Civil L.R. 6-1(b) request to shorten time. Apple argues that it will be hindered in filing its own IPR if the Court does not order Nartron to accelerate its Rule 3-1 disclosures. But Apple waited seven months to seek transfer, so any supposed prejudice resulting from the one year deadline to file an IPR is Apple's own doing. Nothing in the Patent Local Rules allows for expediting disclosures of Asserted Claims and Infringement Contentions (Patent L.R. 3-1) if the deadline for filing an IPR is approaching. Indeed, Apple does not even offer an explanation as to how it can file a meritorious IPR request after the PTAB rejected Samsung's comprehensive IPR on the same patent. It would be manifestly unfair to stay the case, order Nartron to comply with Patent Local Rule 3-1 during the stay, and excuse Apple from its obligations under the Patent Local Rules. In any event, Nartron already informed Apple that it does expect to assert any claims that were not at issue in the Samsung IPR, and instead expects only to assert claims that have been upheld by the PTAB. Accordingly, neither Apple nor the PTAB will need to address 114 claims in any IPR that Apple may file, but will instead (assuming Apple petitions for IPR) re-address the same 37 claims that the PTAB already affirmed in the Samsung IPR.

\* \* \*

In sum, this case should not be stayed as Apple proposes—especially without either a stipulation or proper motion. Nartron remains willing to consider a short stay pending the outcome of the Federal Circuit's decision in the Samsung IPR. In that appeal, Samsung's reply brief is due at the end of October. Nartron expects oral argument early next year, and a decision by April or May 2019. If Apple agrees to such a stay, the parties will submit a proper stipulation for the Court's consideration. Otherwise, both parties should proceed forward under the schedule set forth in the

Patent Local Rules, which Nartron will be prepared to discuss at the November 8, 2018 Initial Case Management Conference

DATED: October 4, 2018

Respectfully submitted,

MCKOOL SMITH HENNIGAN, P.C.

By  */s/ Lawrence M. Hadley*
     Lawrence M. Hadley

Attorneys for Plaintiff
UUSI, LLC

-3-
Case No. 5:18-cv-04637 JD

OPP. TO APPLE'S MOTION FOR AN ORDER REQUIRING PLTIF TO ID ASSERTED CLAIMS PURSUANT TO PATENT LOCAL RULE 3-1(A) AND RENEWED MOTION TO STAY

4844-1955-7494

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 4, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

>  */s/ Yoshie Botta*
>  Yoshie Botta