1  BITA RAHEBI (CA SBN 209351)
   BRahebi@mofo.com
2  ROSE S. LEE (CA SBN 294658)
   RoseLee@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
4  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
5  Facsimile: 213.892.5454

6  RICHARD S.J. HUNG (CA SBN 197425)
   RHung@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California  94105-2482
   Telephone: 415.268.7000
9  Facsimile: 415.268.7522

10  Attorneys for Defendant
    APPLE INC.

11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

15  UUSI, LLC,                          | Case No.    18-cv-04637-JD

16                        Plaintiff,    | **APPLE INC.'S REPLY IN SUPPORT
                                        | OF MOTION FOR ORDER
17         v.                           | REQUIRING PLAINTIFF TO
                                        | IDENTIFY ASSERTED CLAIMS
18  APPLE INC.,                         | PURSUANT TO PATENT LOCAL
                                        | RULE 3-1(A) AND RENEWED
19                        Defendant.    | MOTION TO STAY**

20                                      | Date:        October 25, 2018
                                        | Time:        10:00 a.m.
21                                      | Courtroom:  11, 19th Floor
                                        | Judge:       Hon. James Donato
22

23

24

25

26

27

28

APPLE'S REPLY ISO MTN FOR ORDER REQUIRING PLAINTIFF TO IDENTIFY ASSERTED CLAIMS AND RENEWED
MOTION TO STAY
CASE NO. 18-CV-04637-JD
   la-1398801

1

## I.      INTRODUCTION

As Nartron's opposition confirms, the only remaining disputed issue is whether Nartron should disclose all of its asserted claims before this case is stayed through at least Samsung's appeal.  Tellingly, however, Nartron does not dispute that there is good reason to require this.  Nartron's prompt identification of all asserted claims will help to focus Apple's anticipated IPR proceedings before the PTAB, which in turn will narrow the issues for the Court's subsequent consideration and thereby aid judicial economy.  Equally tellingly, Nartron articulates no reason for why it cannot identify its asserted claims now—nor any excuse for why it has not already done so.  As this case has been pending for more than 10 months, Apple would have received this disclosure months ago if Nartron had filed this action in this District as it should have.  The Court should order Nartron to disclose all its asserted claims by November 1, 2018.

## II.     ARGUMENT

Nartron agrees that a stay is appropriate through Samsung's appeal, but opposes Apple's motion on the grounds that it does not want to identify its asserted claims before the entry of the stay.[1]  Nartron complains it would be "unfair" to order Nartron to comply with Patent Local Rule 3-1 and "excuse Apple from its obligations under the Patent Local Rules."  (*See* Opp. at 2.)  But this is straw man argument:  Apple is not seeking full infringement contentions under Patent Local Rule 3-1.  Instead, Apple asks only that Nartron comply with subpart (a) by identifying which of the 114 claims in the patent-in-suit are asserted.  Apple makes this request because its one-year deadline to petition for IPR is rapidly approaching.  Nartron does not explain how making this disclosure could possibly burden it, when nearly a year of litigation has lapsed.

On the other hand, Nartron's refusal to identify *all* asserted claims would both (i) prejudice Apple, and (ii) thwart the judicial economy that would result from IPRs focused on

---

[1] Nartron complains that Apple's renewed request to a stay was not properly noticed.  The parties had fully briefed the issue of a stay while in the Eastern District of Michigan.  (ECF Nos. 28-30, 42.)  It was not ruled upon prior to transfer.  In any case, Apple's requests for identification of claims and renewing its request for a stay comes on 35-days' notice.

Apple believes that the case should be stayed through the conclusion of the IPR proceedings brought by Samsung.  Nartron offers no explanation why a stay should expire in the event that the Federal Circuit remands to the Patent Trial and Appeal Board.  That would be all the more reason to continue the stay.

the specific asserted claims in this case.  Contrary to Nartron's claim, this prejudice is not of "Apple's own doing."  (Opp. at 2.)  Apple has asked Nartron to disclose its asserted claims at every available juncture.

For example, at the initial Rule 26(f) conference after Nartron filed this case in the Eastern District of Michigan, Apple proposed that the parties follow this District's Patent Local Rules.  Nartron initially agreed, and this would have obligated it to provide its full infringement contentions under Patent Rule 3-1 by April 2018.  (ECF No. 20 at 4.)  But Nartron reneged on its agreement shortly thereafter.  Instead, it disclosed only two claims under Judge Cohn's "paradigm claims" procedure and reserved the right to assert additional claims in the future.  (*See* ECF No. 37.)  Even now, Nartron provides only the non-committal statement that it does not "***expect*** to assert any claims that were not at issue in the Samsung IPR."  (Opp. at 2 (emphasis added)).  Nartron's stated "expectation" falls far short of a full identification of claims under Patent Rule 3-1(a) — and does not prevent it from asserting additional claims as soon as Apple files its IPRs.

## III.    CONCLUSION

The requested Patent Rule 3-1(a) disclosure will promote efficiency in this action and in Apple's anticipated IPR proceedings, as the Patent Trial and Appeal Board will be able to address all of the asserted claims.  Apple asks that the Court order Nartron to identify each allegedly infringed claim of the patent-in-suit under Patent Local Rule 3-1(a) by November 1, 2018 and then stay the case through the conclusion of the Samsung IPR proceedings.

Dated:  October 11, 2018

BITA RAHEBI
RICHARD S.J. HUNG
ROSE S. LEE
MORRISON & FOERSTER LLP


By:   */s/ Bita Rahebi*
        BITA RAHEBI

        Attorneys for Defendant
        APPLE INC.