LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD – State Bar No. 320303
sunderwood@glaserweil.com
LARA A. PETERSEN - State Bar No. 318475
lpetersen@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff UUSI, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UUSI, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No.: 3:18-cv-04637-JD<br><br>Hon. James Donato<br><br>**NARTRON'S NOICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Hearing Date:　June 5, 2025<br>Hearing Time:　10:00 am<br>Courtroom:　　11 |

## **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 5, 2025, at 10:00 am, or as soon thereafter as the matter may be heard before the Honorable James Donato, United States Judge, in Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, Plaintiff UUSI, LLC d/b/a Nartron ("Nartron"), will and hereby do move to enforce the complete settlement agreement agreed to by the parties. This motion is based on this Notice of Motion, the following memorandum of law in support thereof, the Declaration of Lawrence M. Hadley and the documents attached thereto, the pleadings and papers on file in this action, and any other evidence or argument that may be presented at the hearing.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF THE ISSUE ................................................................................ 2

III. FACTUAL BACKGROUND .................................................................................... 2

IV. LEGAL STANDARD ............................................................................................... 4

V. ARGUMENT ............................................................................................................. 5

    A. The Parties' Settlement and License Agreement is a Complete Agreement. .......... 5

    B. The Parties Agreed to the Terms of the Settlement. ................................................ 6

    C. The Lack of Signature is No Obstacle to Enforcing the Agreement. ...................... 7

VI. CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Alvarez v. City of New York*,
    146 F. Supp. 2d 327 (S.D.N.Y. 2001) .................................................................................. 8

*BGC Inc. v. Robinson*,
    No. 22-CV-01582-JSW, 2023 WL 4769978 (N.D. Cal. July 3, 2023) .............................. 5

*Callie v. Near*,
    829 F.2d 888 (9th Cir.1987) ................................................................................................ 4

*Facebook, Inc. v. Pacific Northwest Software, Inc.*,
    640 F.3d 1034 (9th Cir. 2011) ......................................................................................... 6, 9

*First Nat. Mortg. Co. v. Fed. Realty Inv. Trust*,
    631 F.3d 1058 (9th Cir. 2011) ............................................................................................. 7

*Harrop v. Western Airlines, Inc.*,
    550 F.2d 1143 9th Cir. 1977) ............................................................................................... 5

*In re E. Airport Dev., LLC*,
    443 B.R. 823 (9th Cir. BAP 2011) ...................................................................................... 8

*In re Lehman Bros. Holdings Inc.*,
    No. 17 CIV. 03424(DLC), 2017 WL 3278933 (S.D.N.Y. Aug. 2, 2017),
    *aff'd*, 739 F. App'x 55 (2d Cir. 2018) ................................................................................. 8

*In re Suchy*,
    786 F.2d 900 (9th Cir.1985) ................................................................................................ 4

*Inamed Corp. v. Kuzmak*,
    275 F. Supp. 2d 1100 (C.D. Cal. 2002) ............................................................................... 5

*Joao Control & Monitoring Sys., LLC v. ACTi Corp. Inc.*,
    No. SACV101909DOCRNBX, 2012 WL 13018363 (C.D. Cal. May 18, 2012) ............... 7

*Myles v. Nelson Staffing Sols.*,
    No. C06-07792CRB, 2007 WL 2209281  (N.D. Cal. July 30, 2007) ................................ 7

*Parker v. Ritz*,
    No. 18-CV-1895-RJD, 2023 WL 1447807 (S.D. Ill. Feb. 1, 2023) .................................... 8

*Powell v. Omnicom*,
    497 F.3d 124 (2d Cir. 2007) ................................................................................................ 9

*Sangerman v. Theriault Enters. Inc.*,
    No. C-05-04183 RMW, 2007 WL 707502 (N.D. Cal. Mar. 6, 2007) ................................ 8

*Shen v. A Color Tree, Inc.*,
    No. CV21709096SJOJEMX, 2019 WL 13031850 (C.D. Cal. Jan. 3, 2019) .................. 5, 7

*Skilstaf, Inc. v. CVS Caremark Corp.*,
    669 F.3d 1005 (9th Cir. 2012) ................................................................................. 4

*TNT Marketing, Inc. v. Agresti*,
    796 F.2d 276 (9th Cir.1986) ..................................................................................... 4

*Wisk Aero LLC v. Archer Aviation Inc.*,
    No. 3:21-CV-02450-WHO, 2024 WL 4220670 (N.D. Cal. Sept. 16, 2024) ............ 5

*Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*,
    No. 14-00013 MMM (MANX), 2014 WL 12631652 (C.D. Cal. June 9, 2014) ...... 8

**STATE CASES**

*Banner Entertainment, Inc. v. Superior Court*,
    62 Cal. App. 4th 348 (1998) ..................................................................................... 8

*Blix Street Records, Inc. v. Cassidy*,
    191 Cal. App. 4th 39 (2010) ..................................................................................... 9

*Copeland v. Baskin Robbins U.S.A.*,
    96 Cal. App. 4th 1251 (2002) ................................................................................... 4

*J.B.B. Inv. Partners Ltd. v. Fair*,
    37 Cal. App. 5th 1, 249 Cal. Rptr. 3d 368 (2019),
    *as modified* (July 1, 2019) ...................................................................................... 7

*Mann v. Mueller*,
    140 Cal. App. 2d 481 (1956) .................................................................................... 5

*Patel v. Liebermensch*,
    45 Cal. 4th 344 (2008) .............................................................................................. 4

## I.  INTRODUCTION

Plaintiff UUSI, LLC d/b/a Nartron ("Nartron") moves to enforce the March 13, 2025 settlement agreement between Nartron and Defendant Apple Inc. ("Apple"). After approximately eight years of litigation, Nartron and Apple agreed to settle their disputes and enter into a ▉ ▉ (the "Agreement"). The Agreement was the culmination of a full-day mediation followed by a series of back-and-forth communications, phone calls, and exchanges of drafts between counsel. ▉

▉

▉

Then, approximately an hour after Nartron and Apple came to a final settlement and Apple agreed to inform the Court, Apple was alerted to a decision by the District Court for the Western District of Michigan. In the Michigan case, the defendant, Samsung, filed a motion to dismiss Nartron's suit, which involves the patent at issue here, for lack of standing. Apple knew about Samsung's motion long before the parties' settlement discussions—it had been pending since July 2024. In fact, here Apple filed what this Court found to be a "substantially identical" motion as Samsung's motion, and this Court denied Apple's motion in November 2024 without prejudice to renew the issue. Thus, there is no doubt that Apple was aware of, and fully considered, this pending issue when it agreed to settle with Nartron.

Regretting the strategic decision it made to settle after the Michigan Court's decision, Apple quickly sought to back out of the Agreement, even though ▉

▉

▉ But under federal law, oral settlement agreements containing all material terms are enforceable, and, to the extent applicable, ▉ ▉ satisfies the statute of frauds. Thus, this Court should find that the parties reached a binding settlement agreement, hold the final agreement enforceable, and order Apple to comply.

Nartron is mindful of the fact that this Court directed the parties to provide a statement from

1   the mediator, Retired Magistrate Judge Suzanne Segal, before bringing any motion to enforce the
2   settlement. The parties contacted Judge Segal and had several conversations with her, both
3   individually and jointly, regarding the issue. Judge Segal ultimately concluded that the mediation
4   privilege and her corresponding ethical obligations as a mediator preclude her from providing any
5   statement to this Court regarding the mediation and subsequent discussions. Accordingly, Nartron
6   respectfully asks this Court to consider its motion.

## II. STATEMENT OF THE ISSUE

Should the Agreement between Nartron and Apple be enforced, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮?

## III. FACTUAL BACKGROUND

This litigation against Apple has been pending since 2018. It was stayed for over five years pending resolution of IPR petitions filed by both Samsung and Apple at the U.S. Patent & Trademark Office, with multiple appeals to the Federal Circuit. Ultimately, Nartron prevailed in those IPR proceedings, and the stay was lifted on June 2, 2023. Declaration of Lawrence Hadley ("Hadley Decl.") ¶ 3.

On July 3, 2024, in Michigan, Samsung served a motion to dismiss Nartron's suit for lack of standing. Hadley Decl., ¶ 4. The parties completed their briefing on Samsung's motion and filed their briefs on the Michigan Court's docket in August 2024. Hadley Decl., ¶¶ 5-7.

In this action, on October 3, 2024, Apple filed a substantively identical motion to Samsung's motion to dismiss. Hadley Decl., ¶ 13. On November 7, 2024, the Court denied Apple's motion without prejudice to renew given that same standing issue was already being litigated in Michigan. Hadley Decl., ¶ 16.

On March 4, 2025, the Michigan Court held a hearing on Samsung's motion. Hadley Decl., ¶ 8. The next day, March 5, 2025, counsel for Nartron and Apple attended a mediation via Zoom with Judge Segal. Hadley Decl., ¶ 17. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  █████████████████████████████████████████████████████████████████
2  ████████████████████████ *Id.* ██████████████████████████████████
3  ██████████████████████████████ Hadley Decl., ¶ 18, Exhibits 1 & 2. ████████
4  █████████████████████████████████████████████████████████████████
5  ███████ Hadley Decl., ¶¶ 20-28, Exhibits 3-14.
6  █████████████████████████████████████████████████████████████
7  █████████████████████████████████████████████████████████████████
8  █████████████████████████████████████████████████████████████████
9  █████████████████████████████████████████████████████████████████
10 ███████████████████████████████████████
11     ████████████████████████████████ ██████████████████████
12 █████████████
13     ██████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████
15 █████████
16 Hadley Decl., ¶ 29, Exhibit 12. ██████████████████████████████████████
17 █████████████████████████████████████████████████
18     ████████████████████████████████████████████████████████
19 █████████████████████████████████████████████████████████████
20 █████████████
21 Hadley Decl., ¶ 32, Exhibit 15. ██████████████████████████████████████. Hadley
22 Decl., ¶ 33. █████████████
23 █████████████████████████████████████████████████████████████████
24 ██████████████████████████████████████████. Hadley Decl., ¶ 34, Exhibit 15. ████
25 ████████████████████████████████████████████████. *Id.*
26     Earlier on March 13, 2025, the parties received notice from the Court regarding the upcoming
27 March 20 claim construction hearing. █████████████████████████████████
28     ████████████████████████████████████

1  Hadley Decl., ¶ 30, Exhibit 14. ███████████████

2  ███████████

3  ███████████████████████████████

4  ███████████████████████████████

5  ███████████████

6  Hadley Decl., ¶ 35, Exhibit 16.

7       Then, approximately one hour later, the Michigan Court granted Samsung's motion to dismiss

8  for lack of standing. Hadley Decl., ¶ 37. ███████████████

9  ███████████████████ *Id.*, Exhibit 17. ███████

10 ███████████████████████████████

11 ███████████████ Hadley Decl., ¶ 38. ███████

12 ███████████████████████████████

13 ███████████ Hadley Decl., ¶ 39, Exhibit 17. ███████

14 ███████████████ Hadley Decl., ¶¶ 40-41, Exhibit 17.

15 **IV.**   **LEGAL STANDARD**

16      "It is well settled that a district court has the equitable power to enforce summarily an

17 agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)

18 (citation omitted); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) ("The district

19 court had inherent power to enforce the agreement in settlement of litigation before it,") (citing *In re*

20 *Suchy*, 786 F.2d 900, 902-03 (9th Cir. 1985) ("Furthermore, it is well settled that a court has inherent

21 power to enforce summarily a Settlement Agreement involving an action pending before it")).

22      "Whether a contract is certain enough to be enforced is a question of law. Courts favor

23 enforcing contracts if the parties' intention can be ascertained." *Patel v. Liebermensch*, 45 Cal. 4th

24 344, 348, n.1 (2008); *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1255-56 (2002)).

25 The interpretation of a settlement agreement is governed by principles of state contract law. *Skilstaf,*

26 *Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 n.7 (9th Cir. 2012). Under California law, "[w]here

27 the parties . . . have agreed in writing upon the essential terms of their contract, even though several

28 more formal instruments are to be prepared and signed later, the written agreement which they have

1  already signed is a binding contract." *Mann v. Mueller*, 140 Cal. App. 2d 481, 487 (1956).

2  Federal courts enforce unsigned settlement agreements under similar circumstances. To be
3  enforced under federal law, an unsigned settlement agreement must meet two requirements. First, it
4  must be a complete agreement. *Callie*, 829 F.2d at 890 (citation omitted). "[T]he Court must determine
5  it is complete, *i.e.* the parties agreed to all material terms." *BGC Inc. v. Robinson*, No. 22-CV-01582-
6  JSW, 2023 WL 4769978, at *2 (N.D. Cal. July 3, 2023) (citation omitted). Second, "the Court must
7  conclude the parties actually agreed to the terms or authorized counsel to settle the matter." *Id.* (citing
8  *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977)); *Wisk Aero LLC v. Archer
9  Aviation Inc.*, No. 3:21-CV-02450-WHO, 2024 WL 4220670, at *2 (N.D. Cal. Sept. 16, 2024).

## V. ARGUMENT

Both requirements for enforcing the non-executed settlement agreement are met here. ▮

▮

▮

▮

▮

▮

### A. The Parties' Settlement and License Agreement is a Complete Agreement.

"[T]he court should enforce an agreement if it appears the parties intended to enter into a contract and the outlines of the agreement are sufficiently definite that the court knows what is to be enforced." *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1120–21 (C.D. Cal. 2002), *aff'd*, 64 F. App'x 241 (Fed. Cir. 2003).

Here, ▮

▮

▮

▮

▮ Hadley Decl., ¶¶ 32-33. That is a complete agreement. *Shen v. A Color Tree, Inc.*, No. CV21709096SJOJEMX, 2019 WL 13031850, at *3 (C.D. Cal. Jan. 3, 2019) (in patent case involving unsigned agreement, finding complete agreement where party seeking to avoid enforcement

1  "fail[ed] to identify any material terms that were left out of the agreement")).

4  ████ Hadley Decl., Exhibit 13, §§ 1.8, 2.1. ████

5  ████ Hadley Decl., ¶¶ 20, 34. As ████

8  ████ *See*

9  *Facebook, Inc. v. Pacific Northwest Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011) (holding

10  settlement agreement was enforceable where the parties intended "to bind themselves to each other,

11  even though everyone understood that some material aspects of the deal would be papered later").

13  ████ Hadley Decl., ¶ 34, Exhibits 13, 15. ████

18  **B.**   **The Parties Agreed to the Terms of the Settlement.**

22  ████ Hadley Decl., ¶ 29. ████

24  ████ Hadley Decl., ¶ 32. ████ *Id.*, ¶ 33.

26  ████ Hadley Decl., ¶ 30, Exhibit 14. ████

1 ███████████████████████████ Hadley Decl., ¶ 35, Exhibit 16.

2  Courts have enforced settlements in strikingly similar circumstances. *Shen*, 2019 WL 13031850, at *4 (enforcing an unexecuted written settlement of a patent case where a party's counsel wrote "The offer is accepted" via email); *Myles v. Nelson Staffing Sols.*, No. C06-07792CRB, 2007 WL 2209281, at *5 (N.D. Cal. July 30, 2007) (enforcing unsigned settlement where party's changes were accepted by the other side and party refusing to sign had wrote "I think we're done."); *Joao Control & Monitoring Sys., LLC v. ACTi Corp. Inc.*, No. SACV101909DOCRNBX, 2012 WL 13018363, at *6 (C.D. Cal. May 18, 2012) (enforcing settlement where "attorney repeatedly stated that the parties had reached 'an agreement'" via email); *J.B.B. Inv. Partners Ltd. v. Fair*, 37 Cal. App. 5th 1, 11, 249 Cal. Rptr. 3d 368, 379 (2019), *as modified* (July 1, 2019) (finding that "[t]he plain language of [e-mails between the parties' attorneys] demonstrate[d], as a matter of law, the existence of a settlement agreement between the parties," despite unsigned nature of the agreement).

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

### C. The Lack of Signature is No Obstacle to Enforcing the Agreement.

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████ *See* Hadley Decl., Ex. 13 at 9 (Section 5.1) █████████
███████████████████████████████████████████████████████████
████████████████████████████████ Neither provision bars enforcement of the settlement agreement under well-settled federal and California law.

First, ██████████████████ "the Ninth Circuit has applied California law to hold that the use of preliminary-discussion terms in the title of a document does not preclude a conclusion that a contract was formed." *Joao Control*, 2012 WL 13018363, at *4 (enforcing settlement approved via email where document contained "draft" in the title) (citing *First Nat. Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1065-66 (9th Cir. 2011)).

Second, "the fact that defendants have not signed the written settlement agreement does not

bar enforcement of the orally agreed-upon terms contained in the contract." *Sangerman v. Theriault Enters. Inc.*, No. C-05-04183 RMW, 2007 WL 707502, at *3 (N.D. Cal. Mar. 6, 2007) (citing *Banner Entertainment, Inc. v. Superior Court*, 62 Cal. App. 4th 348, 358 (1998) ("[I]f the respective parties orally agreed upon all of the terms and conditions of a proposed written agreement with the mutual intention that the oral agreement should thereupon become binding, the mere fact that a formal written agreement to the same effect has not yet been signed does not alter the binding validity of the oral agreement.")).

Indeed, federal courts routinely enforce settlements where the unsigned agreement contains ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Alvarez v. City of New York*, 146 F. Supp. 2d 327, 336 (S.D.N.Y. 2001) (enforcing agreement where counsel called opposing counsel and court with acceptance; the "fact that [defendant's] counsel added boilerplate language [stating the agreement was not binding until execution] to an otherwise substantively identical version of the oral agreement does not undermine the evidence that [the parties] intended to be bound by the oral agreement"); *In re Lehman Bros. Holdings Inc.*, No. 17 CIV. 03424(DLC), 2017 WL 3278933, at *3 (S.D.N.Y. Aug. 2, 2017), *aff'd*, 739 F. App'x 55 (2d Cir. 2018) (enforcing unsigned agreement containing clause stating the agreement "shall become effective and valid upon such execution" where the party wrote in an email to mediator that it "agreed to accept" the settlement); *Parker v. Ritz*, No. 18-CV-1895-RJD, 2023 WL 1447807, at *1–2 (S.D. Ill. Feb. 1, 2023) (similar provision, where the defendant indicated that it would accept all revisions proposed by plaintiff).

Further, to the extent the statute of frauds applies, the email communications between the partes suffices under federal and state law to satisfy the statute. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ constitutes a writing sufficient to bind the parties to the agreement. *Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*, No. 14-00013 MMM (MANX), 2014 WL 12631652, at *15 (C.D. Cal. June 9, 2014) ("An email can suffice to satisfy the statute of frauds."); *In re E. Airport Dev., LLC*, 443 B.R. 823, 829 (9th Cir. BAP 2011) ("An email sent by an agent of a corporation has been held to be a 'writing' for purposes of the California statute of frauds").

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ██████████████████████████████████ Hadley Decl., ¶ 35, Exhibit 16. ████
2  ████████████████████████████████████████████████ until *after* the Michigan Court's
3  decision and Apple decided to back out of its agreement to settle. Hadley Decl., ¶¶ 37, 41, Exhibit 17.
4  "When parties intend that an agreement be binding, the fact that a more formal agreement must be
5  prepared and executed does not alter the validity of the agreement." *Blix Street Records, Inc. v.*
6  *Cassidy*, 191 Cal. App. 4th 39, 48 (2010).

   Finally, "[w]hen a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). "There are also very important policies that favor giving effect to agreements that put an end to the expensive and disruptive process of litigation." *Facebook*, 640 F.3d 1034. Nartron and Apple found their way to a mutually agreeable business conclusion to this action with a settlement, with full knowledge of the possibility that Samsung's motion could be granted, and that Agreement should not be undone.

## VI. CONCLUSION

For the foregoing reasons, the parties' Agreement should be enforced.

DATED: April 24, 2025                                Respectfully submitted,

                                                     GLASER WEIL FINK HOWARD
                                                       JORDAN & SHAPIRO LLP

                                                     By: */s/ Lawrence M. Hadley*

                                                       LAWRENCE M. HADLEY
                                                       STEPHEN UNDERWOOD

                                                       *Attorneys for Plaintiff UUSI, LLC*